FRANKLIN BENJAMIN, Appellant, v. IOWA CITY ELECTRIC LIGHT COMPANY ET AL., Appellees.

**Parties:** MOTION TO STRIKE: EFFECT. A motion by each defendant except one, to strike from the petition the names of all defendants other than the moving party, if sustained, carries with it the name of the defendant not so moving.

**Actions:** JOINDER OF PARTIES AND CAUSES. The statutes give a broad scope to the power of a court of equity to bring into an action as defendants all persons claiming any interest in the subject matter of the suit, and prudence requires the plaintiff to omit no person in the first instance whose rights may be affected by the relief he asks: So that where plaintiff was claiming a right to the exclusive use of a water power and adjacent land under an assignment of a lease covering the same, all parties claiming an adverse interest, either in the whole or a portion of premises or power were proper parties, on the question of their interest therein: But where the petition also claimed damages against part of defendants for breach of contract, the striking from the petition of such causes of action was proper.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

**·** TUESDAY, NOVEMBER 23, 1909.

PLAINTIFF brought his action in equity against five defendants. Each defendant filed a motion to strike from the petition the names of all other defendants on the ground of misjoinder of parties and of causes of action.

The trial court sustained each motion.    The plaintiff appeals.    *Reversed* in part.

*John J. Ney,* for appellant.

*A. E. Swisher* and *James M. Gray,* for appellee Quaker Oats Co.

*Wade, Dutcher & Davis,* for appellees Electric Light Co., Carson and Coldren.

*John A. Reed,* for appellee Railway & Light Co.

EVANS, C. J.—It must be conceded that plaintiff's petition is fairly subject to criticism.    The petition, with its exhibits, covers twenty-two pages of the printed abstract.    It is unnecessarily prolix and promiscuous in its allegations.    It lacks perspicuity and order.    The learned counsel for plaintiff has not attempted to analyze it for us in his brief, and we have found it considerable of a task to do so for ourselves.    The following alleged facts, however, may be fairly gathered therefrom:    In December, 1866, M. T. Close and others, being the then owners of certain land and a water power in the vicinity of Coralville, on the Iowa River, executed an original lease thereof to Home Manufacturing Company at an agreed annual rental for the term of nineteen years, with the privilege to the lessee of successive renewals perpetually.    That such lease has been twice renewed and is now in force and is now held by the plaintiff as the assignee of the defendant, the Quaker Oats Company, who obtained the same by a regular assignment from the assignee of the Home Manufacturing Company.    The defendant, Iowa City Electric Light Company, is the present owner of the fee, having succeeded to all the right of the original lessors.    It is contended by plaintiff that by the terms of such lease the

holder thereof is entitled to appropriate and use the full water power and capacity of the plant in question by paying therefor at the rate fixed in the lease, and he has elected to use such full capacity and has demanded the same from the Iowa City Electric Light Company, the present lessor, and that said defendant refuses to recognize this right, and refuses to furnish him any water power. He also avers that the defendant George S. Carson is in possession of a part of the leased property, and claims a right therein, and that the defendant, S. A. Coldren, operates a mill and uses a portion of the water power of such plant and claims a right thereto and denies the right of the plaintiff to take it all; and he avers, also, that the other defendant, the Iowa City Railway & Light Company, is in possession of a part of the premises and is claiming a right thereto. The plaintiff claims that his right to all the power is absolute under the lease, and that it is superior to any right or claim of any other defendant. He also avers that by his contract of purchase of the lease from the Quaker Oats Company the said company undertook to deliver to him possession of the subject of the lease, and that he is entitled thereto. He asks that his rights in that respect be determined and decreed as between him and all the defendants.

As already indicated, each defendant (except the Iowa City Railway & Light Company) moved that the name of every other defendant be stricken from the petition. For instance, the Iowa City Electric Light Company moved that the names of all other defendants, including Carson, be stricken from the petition. Carson moved that the name of every other defendant than himself · (including the Iowa City Electric Company) be stricken from the petition. In like manner the Quaker Oats Company and Coldren filed similar motions. The sustaining of these motions obliterated the petition by striking therefrom the

1. PARTIES: motion to strike: effect.

name of every defendant. It is assumed in this court that the Iowa City Railway & Light Company still remains as a defendant. This assumption arises out of the fact that said defendant filed no motion to strike. The fact remains that it was included in the motions of the other four defendants, and disappeared with the rest by the sustaining of such motions. There are other alleged facts to be stated later; but those already stated will answer the purpose of an analysis for the time being.

The argument in support of the ruling of the court is that the rights and liabilities of the five defendants were separate and distinct, and that each one was entitled to defend the alleged cause of action against him in a suit between him and the plaintiff alone, and that no other defendant was a proper party in his case. We think this contention can not be sustained. The subject matter involved was one of equitable cognizance. The claim of the plaintiff to the right of exclusive use of the power and property covered by the lease was one which affected each of the defendants and necessarily challenged the claim of right of each one of them to a partial use of the same property.

2. ACTIONS: joinder of parties and causes.

Code, section 3462, provides: "Any person may be made a defendant who has or claims an interest adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise expressly provided." The demand made by plaintiff upon the Iowa City Electric Light Company that it furnish to plaintiff all the power of the plant necessarily involved the claimed rights of Coldren, the other mill owner. Clearly he was a proper party, if not a necessary party, to the adjudication of such question. Section 3466 provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of

the controversy between ·the parties before the court can not be made without the presence of other parties, it must order them to be brought in." The effect of the two sections which we have quoted gives, a broad scope to a court of equity to bring into any case any person as a defendant who has or claims an interest in the subject matter of the action. Prudence on the part of the plaintiff requires that he omit no person in the first instance whose interests may be affected by the relief which he prays. We are not dealing now with the sufficiency of plaintiff's allegations to make a case. This must be assumed for our present purpose. So far as all of the defendants except the Quaker Oats Company are concerned, it is clear to us that they were proper parties to have before the court in determining plaintiff's contention that he was entitled to all the water power and to the exclusive use of the property. Whether the Quaker Oats Company was a proper party for such purpose is not so clear. Inasmuch, however, as the plaintiff claimed through and under the Quaker Oats Company, and inasmuch as he contended that the rights claimed by the other parties were hostile to his rights as conferred on him by the Quaker Oats Company, and alleged also that the Quaker Oats Company denied that he had acquired such rights from it, and inasmuch as the mutual rights of himself and the Quaker Oats Company as between themselves would be affected, as contended by plaintiff, by the adjudication between him and the other defendants, we think it was not improper to include the Quaker Oats Company as a party in order that the adjudication, when had, might be binding upon it as well as upon the plaintiff. To this extent therefore we think the plaintiff was entitled to make all the defendants parties. The plea of disclaimer is available to any defendant who wishes to use it.

But plaintiff's petition does not stop here. It claims damages from the Quaker Oats Company for failing to

put plaintiff in possession of the thing which he alleges
he purchased. Likewise he claims damages from the Iowa
City Electric Light Company for withholding from him such
possession. Manifestly an alleged cause of action against
the Quaker Oats Company for damages for breach of con-
tract is a subject matter in which no other defendant has
any interest whatever, and they should not be required to
remain in court while such issue is being litigated; nor
should the expenses of such litigation be borne by them
in any event. The same may be said concerning any al-
leged cause of action for damages against the Iowa City
Electric Light Company. The concluding part of plain-
tiff's prayer is: "And that plaintiff have and recover his
damages from the Quaker Oats Company and Iowa City
Electric Light Company for their refusal, neglect, and
failure to give and deliver to this plaintiff the possession
and use of said property and of said water for the time
such use and possession may be denied him, and judgment
against all defendants for such costs and damages as the
court finds them liable for." The prayer for damages
against any other defendant than the two above named is
not based upon any allegations of the petition. Insofar
therefore as the ruling of the court had the effect of strik-
ing from the petition the causes of action for damages
which are here referred to, and which are prayed for by
the plaintiff as above quoted, we will not interfere there-
with. What we hold is that the striking of these causes
did not justify the elimination of the defendants from the
case upon a mere motion. We do not intend by this dis-
cussion to intimate any opinion as to the sufficiency of
plaintiff's allegations to entitle him to the relief demanded.
The construction to be put upon the exhibits pleaded and
the legal effect of the facts pleaded are all questions to be
hereafter considered and determined by the trial court.

The order of the trial court will therefore be reversed
in part, as herein indicated, and the case will be remanded

for proceedings in harmony herewith, with full power to the trial court to permit further pleadings.    *Reversed in part.*

DEEMER, J., dissenting.